UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

```
IN RE:                        )
                              )
MARY ELIZABETH PRESTON,       )   CASE NO. 05-81576
                              )
        Debtor.               )
```

<u>MEMORANDUM OPINION</u>

Mary Elizabeth Preston (the "Debtor") filed a motion for sanctions against her estranged husband, Terence Preston, and his domestic attorney, Travis Taylor, for violating the automatic stay of the Bankruptcy Code by filing a request for a hearing on an equitable distribution claim in State court.

The matter came before Court on September 29, 2005, in Durham, North Carolina, at which time the Court denied the Debtor's motion for sanctions. This Memorandum Opinion memorializes the Court ruling from the bench.

BACKGROUND

The Debtor's estranged husband, Terence Preston, left her in July 2004. After Mr. Preston initiated an equitable distribution proceeding against the Debtor, she filed a Chapter 7 bankruptcy petition on May 27, 2005. Both Mr. Preston and Mr. Taylor were listed in the Debtor's schedules as holding a potential equitable distribution claim and a claim for attorney's fees. Mr. Preston's address in Edinburgh, Scotland, was on the mailing matrix, but there was no European postal code. Notice of the filing was mailed to Mr. Taylor's business address.

On June 27, 2005, the Debtor, proceeding pro se in her domestic case, filed an answer to Mr. Preston's complaint in State court without mentioning that she had filed a bankruptcy petition. On August 30, 2005, Mr. Taylor filed a request for a hearing to determine if Mr. Preston was entitled to interim allocation on his equitable distribution claim.  Mr. Taylor requested that the hearing be scheduled for October 28, 2005.  The Debtor stated that she received notice of the calendar request over Labor Day weekend[1] and she notified her bankruptcy counsel on the next working day. The Debtor's bankruptcy counsel then left two different voice mail messages with Mr. Taylor.  After receiving the first message, Mr. Taylor requested additional information.  By the time Mr. Taylor responded to the second message, he was informed by Debtor's counsel that she had already filed a motion for sanctions on September 8, 2005, and that the matter would be resolved by the Court.

Mr. Taylor also testified that he never received the initial notice of the Debtor's bankruptcy.  Mr. Taylor stated that his business address was correct, and that he received notices of the Debtor's discharge and the Debtor's motion for sanctions at the same address.  At the time the initial notice of the Debtor's bankruptcy was mailed, however, Mr. Taylor testified that he was out of the office that week and that he did not know what had

_____

[1] Labor Day was September 5, 2005.

happened to the notice or why he had not received it.

ANALYSIS

The automatic stay of Section 362(a)(1) prohibits, inter alia, the continuation of judicial process against a debtor that had been commenced before the debtor filed a bankruptcy petition. 11 U.S.C. § 362(a)(1). An individual injured by a creditor's willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." § 362(h). Thus, before a debtor may recover damages under Section 362(h), the debtor must show that the creditor's violation of the automatic stay was willful and that the debtor was injured. E.g., Budget Serv. Co. v. Better Homes, 804 F.2d 289, 293 (4th Cir. 1986) ("Proof that a debtor has been injured by a willful violation of the automatic stay is sufficient to invoke the sanctions under [Section 362(h)]."). "To constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." Citizens Bank v. Strumpf (In re Strumpf), 37 F.3d 155, 159 (4th Cir. 1994), rev'd other grounds 516 U.S. 16 (1995). See also Knaus v. Concordia Lumber Co. (In re Knaus), 889 F.2d 773, 775 (8th Cir. 1989) ("A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition."); Brown v. Town & Country Sales & Serv., Inc. (In re

Brown), 237 B.R. 316, 320 (Bankr. E.D. Va. 1999) (same).

A. Notice

Mr. Taylor argued that his client, Mr. Preston, could not have violated the automatic stay because he did not have proper notice of her bankruptcy filing due the Debtor's use of an incorrect mailing address for him.  Likewise, Mr. Taylor contends that he did not receive notice of the Debtor's bankruptcy filing even though the Debtor used his correct address.

The Debtor did not list Mr. Preston's proper address because she did not include the European postal code.  An improperly addressed mailing does not give rise to the presumption that the mailing was received.  See Hagner v. United States, 285 U.S. 427, 430 (1932) ("[P]roof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.").  Without notice of the bankruptcy filing, Mr. Preston could not have willfully violated the automatic stay.  E.g., Commercial Credit Corp. v. Reed, 154 B.R. 471, 475 (E.D. Tex. 1993) ("[T]he initial violation done without notice of the bankruptcy, cannot be considered willful nor contemptuous."); In re Will, 303 B.R. 357, 364 (Bankr. N.D. Ill. 2003) (noting that no damages could be awarded under subsection 362(h) where creditor had not been listed, and hence had received no notice of the bankruptcy case and resultant automatic stay); Glaser v. Chelec,

<u>Inc. (In re Glaser)</u>, 01-10220, 2002 Bankr. LEXIS 1816 at *52 (Bankr. E.D. Va. Oct. 25, 2002) ("Where an offending party is ignorant of the bankruptcy filing itself, actions taken in unwitting violation of the stay . . . would not support a finding of contempt or a recovery of damages . . . ."). Therefore, no sanctions under Section 362(h) may be imposed against Mr. Preston because the Debtor failed to show that he had notice of her bankruptcy filing at the time his attorney requested a hearing in State court in furtherance of his equitable distribution claim.

On the other hand, Mr. Taylor admitted that the notice of the Debtor's bankruptcy was sent to his correct business address. Mr. Taylor only stated that he did not personally receive the mailing, which is insufficient to rebut the presumption that the notice was in fact delivered to him. <u>E.g.</u>, <u>In re Bucknum</u>, 951 F.2d 204, 207-08 (9th Cir. 1991) ("If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled. For this reason, an allegation that no notice was received does not, by itself, rebut the presumption of proper notice."); <u>In re Shealy</u>, 90 B.R. 176, 178 (Bankr. W.D.N.C. 1988) ("There is a presumption of receipt created by proof of correct mailing. The correct mailing here plus that presumption equates to legal receipt of the notice by the [recipient].").

- 5 -

Therefore, by including Mr. Taylor's proper address in the mailing matrix, the Debtor established a presumption that Mr. Taylor received notice of her bankruptcy filing. Mr. Taylor's explanation that he didn't know about her bankruptcy filing and that he did not know what happened to the notice mailed to his office is insufficient to rebut that presumption. Accordingly, the Court finds that Mr. Taylor had notice of the Debtor's bankruptcy filing at the time he made the calendar request in the State court to further Mr. Preston's equitable distribution claim.

B. Mitigation

Assuming that Mr. Taylor's violation of the automatic stay was willful, the Debtor must prove that she suffered some compensable injury as a result of the violation.

An "injury" is broadly defined as being "a violation of another's legal right, for which the law provides a remedy . . . " Black's Law Dictionary 801 (8th ed. 2004). The automatic stay is a legal right afforded to debtors that, in part, protects them from continued collection efforts by their creditors. H.R. Rep. No. 595, 95th Cong., 1st Sess. 174-75 (1977) (stating that "[t]he automatic stay is one of the fundamental debtor . . . . protections [giving] the debtor a breathing spell from all his creditors . . . . [stopping] all collection efforts, all harassment, and all foreclosure actions.").

A debtor, however, has a duty to mitigate any damages that may

occur as a result of a stay violation.  E.g., In re Rosa, 313 B.R. 1, 9 (Bankr. D. Mass. 2004) ("Debtors are indeed under a duty to mitigate their damages resulting from automatic stay violations."); Clayton v. King (In re Clayton), 235 B.R. 801, 811 (Bankr. M.D.N.C. 1998) ("Although the Bankruptcy Code does not require a debtor to warn his creditors of existing violations prior to moving for sanctions, the debtor is under a duty to exercise due diligence in protecting and pursuing his rights and in mitigating his damages with regard to such violations.").

The facts of this case demonstrate that the Debtor, pro se, had filed an answer in the State court proceeding without mentioning the fact that she had filed bankruptcy.  When Mr. Taylor filed a request for a hearing on August 30, 2005, in furtherance of Mr. Preston's equitable distribution claim – an act that was precipitated by the Debtor's answer – the Debtor testified that she did not learn about the possible hearing date until Labor Day weekend, and that she did not immediately notify her bankruptcy counsel.  Indeed, the nature of the stay violation, a request for a hearing in two months time, is not the type of egregious conduct that needs an immediate remedy.  The Court does not believe any damage was sustained by the Debtor as a result of the calendar request.

Labor Day was September 5, 2005, and Debtor's counsel stated that she placed two voice mail messages with Mr. Taylor.  In turn,

Mr. Taylor responded to the first message and requested additional information.  Debtor's counsel filed the motion for sanctions on September 8, 2005, and by the time Mr. Taylor contacted Debtor's counsel in person, he was told that the motion was already filed and it was too late to address the matter out of court.

Only allowing Mr. Taylor two or three days to correct the situation before filing a motion for sanctions was an insufficient amount of time under the circumstances.  The Court is convinced that this matter could have been resolved without the necessity for Court intervention had counsel taken the time to properly communicate with each other.  Because the only damages the Debtor sustained are those manufactured by the Debtor's counsel, which could have easily been mitigated, the Court will deny any damage award to the Debtor.  See, e.g., Shadduck v. Rodolakis, 221 B.R. 573, 585 (D. Mass. 1998) ("[W]here the only damages to the debtor are the attorneys' fees related to bringing a contempt motion, courts have ruled that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute . . . prior to filing a motion for contempt and sanctions."); In re Martinez, 281 B.R. 883, 886 (Bankr. W.D. Tex. 2002) (opining that in some cases actual damages for violation of the automatic stay are "nearly non-existent, in which case no damages at all would need to be awarded."); In re Sammon, 253 B.R. 672, 681-82 (Bankr. D.S.C. 2000) (holding that the debtor did not

suffer damages that could not have been mitigated by timely corrective action by the debtor or debtor's counsel and were therefore not entitled to damages); <u>In re Craine</u>, 206 B.R. 595, 597-98 (Bankr. M.D. Fla. 1997) (holding that no injury occurred in the context of Section 362(h) when the only damages were costs associated with filing the contempt motion and when the matter could have been resolved without resort to the court); <u>In re Brock Utils. & Grading</u>, 185 B.R. 719, 720-21 (Bankr. E.D.N.C. 1995) ("[C]ounsel had established contact with Mr. Richardson of the IRS and had received assurances from him that the IRS would not seek to collect its claim in violation of the stay. A simple phone call to Mr. Richardson would have allayed any fears that the debtor might have had, and the motion for sanctions would not have been required. Any costs involved in bringing this motion were unnecessarily incurred and should not be reimbursed . . . .").

CONCLUSION

The Debtor's motion for sanctions against Mr. Taylor and Mr. Preston for violations of the automatic stay is denied.

A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

PARTIES TO BE SERVED


Cheryl Y. Capron, Esq.
P.O. Box 2596
Durham, NC 27715

Stephanie Osborne-Rodgers, Esq.
P.O. Box 2208
Chapel Hill, NC 27514-2208

Paul D. Bradford, PLLC
3200 Beechleaf Court
Suite 100
Raleigh, NC 27604

Sara A. Conti, Trustee

Michael D. West, Bankruptcy Administrator